SYLLABUS

This syllabus is not part of the Court's opinion. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Court and may not summarize all portions of the opinion.

**In the Matter of Officer Gregory DiGuglielmo & New Jersey Institute of Technology**
**(A-33-21) (085064)**

**Argued September 28, 2022 -- Decided November 28, 2022**

**PIERRE-LOUIS, J., writing for a unanimous Court.**

Here the Court determines whether a particular form of arbitration is available to police officers at public colleges and universities when appealing a suspension or termination. Specifically, the Court considers whether New Jersey Institute of Technology (NJIT) Officer Gregory DiGuglielmo, who was suspended with pay and then terminated from his position, is ineligible to challenge his termination through special disciplinary arbitration pursuant to N.J.S.A. 40A:14-210 either because he was not a municipal police officer or because he was suspended with pay.

After pursuing and using physical force to restrain a juvenile bicyclist, Officer DiGuglielmo was placed on leave with pay and then terminated. He filed a challenge to his termination with the New Jersey Public Employment Relations Commission (PERC), requesting "special disciplinary arbitration" pursuant to N.J.S.A. 40A:14-210. NJIT objected, claiming that appeal forum is only for municipal police in non-civil service jurisdictions. PERC held Officer DiGuglielmo was eligible for special disciplinary arbitration and appointed an arbitrator.

The Appellate Division reversed, holding that special disciplinary arbitration was available only to municipal officers because N.J.S.A. 40A:14-209 and -210 incorporate by reference the terms and limitations found in N.J.S.A. 40A:14-150, which only applies to municipal officers not subject to civil service. 465 N.J. Super. 42, 46, 61 (App. Div. 2020). The court further held that, even if special disciplinary arbitration was available to campus police officers, Officer DiGuglielmo was nevertheless ineligible because he was not suspended without pay. Id. at 63. The Court granted certification. 249 N.J. 94 (2021).

**HELD:** A plain reading of the relevant statutes dictates that special disciplinary arbitration is not limited to municipal officers, so arbitration is available to public university police officers like Officer DiGuglielmo. Further, pursuant to N.J.S.A. 40A:14-210, an officer suspended with pay prior to termination is eligible to engage in special disciplinary arbitration. The Court therefore reinstates PERC's decision.

1

1.  N.J.S.A. 40A:14-150 governs the review of disciplinary action in non-civil service municipalities.  Prior to 2009, Section 150 only provided disciplined members of a police force in a non-civil service municipality the right of independent judicial review in Superior Court.  In 2009, in a series of amendments designed to enhance the rights of certain disciplined police officers and firefighters, the Legislature created special disciplinary arbitration as an alternative procedure to the judicial appeals process for municipal officers and as a new forum of appeal for certain other non-civil service officers.  Section 150 is housed within Subchapter D of Title 40A's Chapter 14.  Subchapter D governs the creation, regulation, powers, and duties of municipal police departments and officers.  Section 150 cross-references N.J.S.A. 40A:14-209 in describing the new avenue of appeal available to municipal officers.  Section 209 is part of the group of provisions housed in Subchapter J -- a subchapter newly created in 2009 and separate from Subchapter D.  Special disciplinary arbitration, the focus of this appeal, is described in N.J.S.A. 40A:14-209 and -210, and the Court reviews those sections in detail.  (pp. 12-15)

2.  Section 209 applies when an officer is "suspended from performing . . . official duties without pay" and confers a right to be paid wages after a period of time while awaiting the completion of the special arbitration process.  Section 209 cross-references Section 150 in distinguishing between special disciplinary arbitration and the judicial review that has always been available to non-civil service municipal officers.  Section 209 also cross-references N.J.S.A. 40A:14-210 in noting that special disciplinary arbitration must comply with the provisions of Section 210, which details the procedures to be followed for seeking and conducting special disciplinary arbitration.  Section 210 cross-references both Sections 150 and 209.  Once again, the reference to Section 150 distinguishes between the new arbitration procedure and municipal officers' right to appeal to the Superior Court.  The cross-reference to Section 209 is limited to a recognition that officers seeking to challenge their suspension or termination via special disciplinary arbitration are not eligible for that form of appeal if their disciplinary matter is related to a criminal offense.  Section 200, the first section of the new Subchapter J, is a definitional section that includes the terms "law enforcement agency" and "law enforcement officer."  The Court reviews those definitions, which emphasize the broad range of officers that the Legislature sought to make eligible for special disciplinary arbitration.  (pp. 15-18)

3.  The Court considers whether Section 150 precludes NJIT police officers like Officer DiGuglielmo from appealing adverse employment determinations through special disciplinary arbitration, as the Appellate Division held, particularly given the cross-reference to Section 150 in Sections 209 and 210.  Section 150 applies solely to non-civil service municipal officers.  But a close reading of Sections 209 and 210 reveals that, although both reference Section 150, those references have nothing to do with who is eligible for special disciplinary arbitration pursuant to the new amendments.  There is nothing in the plain language of Sections 209 and 210 that

2

mentions municipal officers or indicates that Sections 209 and 210, which are housed in a different subchapter than Section 150, were intended to apply only to municipal officers. (pp. 18-20)

4. The statutory cross-references in the 2009 amendments are plentiful, but every cross-reference must be carefully read to determine the purpose for which the other statute is being addressed. It is not necessarily the case that when a statute is cross-referenced by another statute it is for the purpose of wholesale importation of the referenced statute into the other. A plain reading of Sections 209 and 210 does not indicate that the Legislature intended the references to Section 150 to limit special disciplinary arbitration to municipal officers. Indeed, had the Legislature intended for special disciplinary arbitration to apply only to non-civil service municipal officers, the new statutory provisions would likely have been inserted into Subchapter D, which governs municipal police officers, rather than in Subchapter J. And the definitions set forth in Section 200, which apply to the provisions of Subchapter J and thus to Sections 209 and 210, undoubtedly broaden the category of officers to whom special disciplinary arbitration is available beyond only municipal officers. The Court's conclusion that special disciplinary arbitration is available to NJIT officers is consistent with PERC's interpretation of special disciplinary arbitration eligibility and the manner in which PERC has administered this form of arbitration since the enactment of the 2009 amendments. (pp. 20-23)

5. The Appellate Division further held that special disciplinary arbitration is not available to Officer DiGuglielmo because he was suspended with pay and the court did not "read Section 210 to nullify the eligibility requirement of suspension-without-pay repeatedly stated within Section 209." 465 N.J. Super. at 63. But Sections 209 and 210, despite the cross-references to each other, are two different statutory provisions. The plain language of Section 210 -- the section pursuant to which Officer DiGuglielmo sought special disciplinary arbitration -- states that the section applies to officers "seeking review of the termination of [their] employment." There is no requirement in Section 210 that the officer have been suspended without pay. Rather, the Section 210 cross-reference to Section 209 is limited to the ineligibility of officers facing criminal charges. A plain reading of Section 210 does not indicate that the Legislature intended the suspension without pay language from Section 209 to be inserted into Section 210. (pp. 23-25)

**REVERSED.**

**CHIEF JUSTICE RABNER; JUSTICES SOLOMON and FASCIALE; and JUDGE FISHER (temporarily assigned) join in JUSTICE PIERRE-LOUIS's opinion. JUSTICE PATTERSON and JUDGE SABATINO (temporarily assigned) did not participate.**

3

In the Matter of Officer Gregory
DiGuglielmo and
New Jersey Institute of Technology.

On certification to the Superior Court,
Appellate Division, whose opinion is reported at
465 N.J. Super. 42 (App. Div. 2020).

| Argued | Decided |
| --- | --- |
| September 28, 2022 | November 28, 2022 |

Joshua Forsman argued the cause for appellant Officer
Gregory DiGuglielmo (Caruso Smith Picini, attorneys;
Zinovia H. Stone and Amie E. DiCola, on the briefs).

Christine Lucarelli, General Counsel, argued the cause
for respondent New Jersey Public Employment Relations
Commission (Christine Lucarelli, General Counsel,
attorney; Ramiro A. Perez, Deputy General Counsel, on
the brief).

Leonard S. Spinelli argued the cause for respondent New
Jersey Institute of Technology (Genova Burns, attorneys;
Leonard S. Spinelli and Jennifer P. Roselle, of counsel
and on the briefs).

Matthew D. Areman argued the cause for amicus curiae
New Jersey State Lodge of the Fraternal Order of Police
(Markowitz & Richman, attorneys; Matthew D. Areman,
on the brief).

Tim Sheehan, Special Assistant to the Solicitor General,
argued the cause for amicus curiae Attorney General of

New Jersey (Matthew J. Platkin, Acting Attorney
General, attorney; Alec Schierenbeck, Deputy State
Solicitor, and Achchana C. Ranasinghe, Deputy Attorney
General, on the briefs).

James P. Lidon argued the cause for amicus curiae
Rutgers, the State University of New Jersey (McElroy,
Deutsch, Mulvaney & Carpenter, attorneys; James P.
Lidon, of counsel and on the briefs).

JUSTICE PIERRE-LOUIS delivered the opinion of the Court.

In this appeal, which involves a matter of statutory interpretation, we must determine whether a particular form of arbitration is available to police officers at public colleges and universities when appealing a suspension or termination. New Jersey Institute of Technology (NJIT) Officer Gregory DiGuglielmo was first suspended with pay and then terminated from his position after an incident involving the pursuit of a juvenile on a bicycle. Upon being advised of his termination, Officer DiGuglielmo sought to challenge his termination with the New Jersey Public Employment Relations Commission (PERC) and requested special disciplinary arbitration pursuant to N.J.S.A. 40A:14-210. NJIT objected, claiming special disciplinary arbitration was only available to municipal police officers. PERC dismissed NJIT's objection and appointed an arbitrator to adjudicate Officer DiGuglielmo's challenge to his termination.

2

On appeal, the Appellate Division reversed PERC's determination that special disciplinary arbitration was available to Officer DiGuglielmo. In re DiGuglielmo, 465 N.J. Super. 42, 60 (App. Div. 2020). The court agreed with NJIT that the forum was only available to non-civil service municipal officers. Ibid. The Appellate Division further held that even if Officer DiGuglielmo was eligible to challenge his termination via special disciplinary arbitration as a university police officer, Officer DiGuglielmo would not qualify because that form of arbitration is only available to officers who have been suspended without pay pursuant to N.J.S.A. 40A:14-209. Id. at 63.

We granted Officer DiGuglielmo's petition for certification and now reverse and reinstate PERC's decision. We hold that a plain reading of the relevant statutes dictates that special disciplinary arbitration is not limited to municipal officers, so arbitration is available to public university police officers like Officer DiGuglielmo. We further hold that pursuant to N.J.S.A. 40A:14-210, an officer suspended with pay prior to termination is eligible to engage in special disciplinary arbitration.

I.

A.

We recount the following factual statements from the record but do not make any factual findings.

3

NJIT is a public university located in Newark.  Gregory DiGuglielmo was a police officer and field training officer with the NJIT Department of Public Safety.  On August 26, 2019, Officer DiGuglielmo, while riding in a police vehicle driven by a probationary officer under Officer DiGuglielmo's supervision, engaged in the pursuit of a juvenile bicyclist.  Upon approaching the juvenile, Officer DiGuglielmo used physical force to restrain him.  A third-party video depicting part of the encounter was posted on a social media platform and showed Officer DiGuglielmo speaking to the minor in a loud and aggressive tone.

The following day, NJIT informed Officer DiGuglielmo that he was the target of an internal affairs complaint and placed him on administrative leave with pay pending the outcome of an investigation.  The Essex County Prosecutor's Office launched an inquiry into Officer DiGuglielmo's conduct but ultimately found there was insufficient evidence to support a criminal prosecution.

Following NJIT's internal investigation, Officer DiGuglielmo received a Notice of Disciplinary Action for eleven offenses.  The investigation concluded that Officer DiGuglielmo "did not utilize proper communication, body camera operations, dash camera operation, pursuit procedures and most importantly restraint" during the encounter.  The investigation found that

4

Officer DiGuglielmo recklessly endangered innocent persons by permitting the probationary officer to drive against traffic and unlawfully cross an intersection without activating the vehicle's warning lights. Video footage also revealed that Officer DiGuglielmo yelled threatening profanities at the juvenile bicyclist, and the report indicated that he failed to provide medical aid following his use of physical force.

Based on these findings, NJIT terminated Officer DiGuglielmo on December 20, 2019.

B.

In January 2020, Officer DiGuglielmo filed a challenge to his termination with PERC, requesting "special disciplinary arbitration" pursuant to N.J.S.A. 40A:14-210. NJIT objected to Officer DiGuglielmo's request, claiming that he was not eligible for special disciplinary arbitration. The university primarily argued that N.J.S.A. 40A:14-210 does not apply to NJIT police officers because the statute provides that appeal forum only to municipal police in non-civil service jurisdictions.

Over NJIT's objection, PERC held that Officer DiGuglielmo was eligible for special disciplinary arbitration pursuant to N.J.S.A. 40A:14-210 based on PERC precedent, which had made the same finding regarding NJIT officers. PERC found that university police officers were not excluded from

5

special disciplinary arbitration and rejected NJIT's contention that Officer DiGuglielmo waived his right to challenge his termination by not following the procedure outlined in his union's collective negotiations agreement. PERC then appointed an arbitrator.

C.

The Appellate Division granted NJIT's motion for leave to appeal PERC's decision. The Appellate Division stayed the arbitration.

The Appellate Division was persuaded by NJIT's argument and held that the pertinent statutes limited special disciplinary arbitration to municipal officers. DiGuglielmo, 465 N.J. Super. at 46. The court first affirmed PERC's finding that NJIT's Department of Public Safety is a "law enforcement agency" within the meaning of N.J.S.A. 40A:14-200. Id. at 60. The Appellate Division then held that campus police officers were not eligible for special disciplinary arbitration because N.J.S.A. 40A:14-209 and -210 incorporate by reference the terms and limitations found in N.J.S.A. 40A:14-150 which only applies to municipal officers not subject to civil service. Id. at 61. Furthermore, even if special disciplinary arbitration was available to campus police officers, the Appellate Division held that Officer DiGuglielmo was

6

nevertheless ineligible because he was not suspended without pay, which the court found was required by N.J.S.A. 40A:14-209 and -210.  Id. at 63.[1]

Officer DiGuglielmo filed a petition for certification challenging both the Appellate Division's determination that N.J.S.A. 40A:14-150 limits special disciplinary arbitration to non-civil service municipal police and its finding that he would nevertheless be ineligible for that form of arbitration because he was not suspended without pay.  We granted Officer DiGuglielmo's petition for certification.  249 N.J. 94 (2021).  We also granted the applications of PERC, the Fraternal Order of Police, the Attorney General, and Rutgers, the State University of New Jersey, to participate as amici curiae.

## II.

## A.

Officer DiGuglielmo argues that the Appellate Division's narrow reading of N.J.S.A. 40A:14-150 distorts the broader statutory scheme of N.J.S.A. 40A:14-200 to -216, which he asserts was intended to give all law enforcement officers the same rights afforded to officers employed by civil

---

[1]  The court also rejected NJIT's argument that Officer DiGuglielmo waived his ability to challenge his termination due to the collective negotiations agreement, holding that N.J.S.A. 40A:14-210 confers a statutory right upon eligible officers to file a special disciplinary arbitration request with PERC within twenty days of receiving notice of their termination.  That issue is not before this Court.

7

service jurisdictions. Officer DiGuglielmo relies on the "all-encompassing" definitions of "law enforcement agency" and "law enforcement officer" in N.J.S.A. 40A:14-200 to support his argument that the Legislature did not intend for special disciplinary arbitration to be limited to municipal officers.

Officer DiGuglielmo further argues that the Appellate Division misread N.J.S.A. 40A:14-209 and -210 when finding that suspension without pay is a prerequisite for special disciplinary arbitration. He insists N.J.S.A. 40A:14-210, upon which he requested special disciplinary arbitration, is a separate and distinct statute from N.J.S.A. 40A:14-209, which requires a suspension without pay.

Amici curiae PERC and the Fraternal Order of Police support Officer DiGuglielmo's position. PERC argues that its determination that Officer DiGuglielmo is eligible for special disciplinary arbitration should be afforded deference. PERC asserts that the definitions under N.J.S.A. 40A:14-200 demonstrate the Legislature's intent to enable non-municipal officers to pursue special disciplinary arbitration. PERC further argues that its determination that Officer DiGuglielmo was eligible for special disciplinary arbitration relied on N.J.S.A. 40A:14-210, which permits terminated, as opposed to suspended, police officers to appeal in that manner. The Fraternal Order of Police contends that narrowly reading N.J.S.A. 40A:14-150 to restrict special

8

disciplinary arbitration to municipal police officers is inconsistent with the Legislature's intent.

The Attorney General, appearing as amicus curiae, takes no position on the outcome of the case but makes the limited argument that the Appellate Division correctly concluded that campus police officers are law enforcement officers pursuant to N.J.S.A. 40A:14-200.[2]

## B.

NJIT argues that the Appellate Division correctly held that Officer DiGuglielmo was ineligible for special disciplinary arbitration because N.J.S.A. 40A:14-209 and -210 both contain references to N.J.S.A. 40A:14-150, which defines disciplinary review procedures for officers employed by non-civil service municipalities. Furthermore, NJIT agrees with the Appellate Division's finding that even if Officer DiGuglielmo was not precluded by being a non-municipal officer, he was still ineligible for special disciplinary

---

[2] This issue is not currently before the Court. In its supplemental brief in response to the Attorney General's amicus brief, NJIT argued that the Appellate Division incorrectly held that NJIT police officers are "law enforcement officers" employed by a "law enforcement agency" as the terms are defined in N.J.S.A. 40A:14-200. NJIT, however, did not file a cross-petition for certification challenging the Appellate Division's holding on the issue. Therefore, that issue is not part of this appeal. We nevertheless note that we discern no error with the Appellate Division's determination that NJIT police officers are law enforcement officers employed by law enforcement agencies pursuant to the definitions in N.J.S.A. 40A:14-200.

9

arbitration because he was not suspended without pay as required under N.J.S.A. 40A:14-209(a).

Amicus curiae Rutgers echoes NJIT's arguments and contends that the Legislature could have easily made special disciplinary arbitration available to all police officers in non-civil service jurisdictions but did not amend N.J.S.A. 40A:14-150 to include non-municipal police officers.

## III.

Appellate review of an administrative agency's action is usually limited. Russo v. Bd. of Trs., PFRS, 206 N.J. 14, 27 (2011). "An administrative agency's final quasi-judicial decision will be sustained unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record." Ibid. (quoting In re Herrmann, 192 N.J. 19, 27-28 (2007)). And although this Court reviews an agency's interpretation of a statute de novo, In re Civil Commitment of W.W., 245 N.J. 438, 448 (2021), and is "in no way bound by [an] agency's interpretation of a statute or its determination of a strictly legal issue," Mayflower Sec. Co., Inc. v. Bureau of Sec., 64 N.J. 85, 93 (1973), "deference . . . should be afforded to the interpretation of the agency charged with applying and enforcing a statutory scheme," Hargrove v. Sleepy's, LLC, 220 N.J. 289, 301 (2015).

10

In construing the statutory provisions at issue in this matter, we are guided by the familiar canons of statutory interpretation in our endeavor to "effectuate legislative intent." Gilleran v. Township of Bloomfield, 227 N.J. 159, 171 (2016). "To determine the Legislature's intent, [this Court] look[s] to the statute's language and give[s] those terms their plain and ordinary meaning because 'the best indicator of that intent is the plain language chosen by the Legislature.'" State v. J.V., 242 N.J. 432, 442-43 (2020) (quoting Johnson v. Roselle EZ Quick LLC, 226 N.J. 370, 386 (2016)). "If the language is clear, the court's job is complete." In re Expungement Application of D.J.B., 216 N.J. 433, 440 (2014).

"Yet, when statutory language is ambiguous, or 'leads to more than one plausible interpretation,' the court 'may turn to extrinsic evidence, including legislative history, committee reports, and contemporaneous construction.'" In re N.J. Firemen's Ass'n Obligation, 230 N.J. 258, 274 (2017) (quoting DiProspero v. Penn, 183 N.J. 477, 492-93 (2005)). Extrinsic evidence may also inform our interpretation of a statute if "strict application of the words will lead to an absurd result or one at odds with public policy or an overall statutory scheme." Sanchez v. Fitness Factory Edgewater, LLC, 242 N.J. 252, 261 (2020) (quoting Farmers Mut. Fire Ins. Co. of Salem v. N.J. Prop.-Liab. Ins. Guar. Ass'n, 215 N.J. 522, 536 (2013)).

11

However, "[a] court may neither rewrite a plainly-written enactment of the Legislature nor presume that the Legislature intended something other than that expressed by way of the plain language." O'Connell v. State, 171 N.J. 484, 488 (2002). This Court "strive[s] for an interpretation that gives effect to all of the statutory provisions and does not render any language inoperative, superfluous, void[,] or insignificant." Sanchez, 242 N.J. at 261 (second alteration in original) (quoting G.S. v. Dep't of Hum. Servs., 157 N.J. 161, 172 (1999)). Statutes must "be read in their entirety; each part or section should be construed in connection with every other part or section to provide a harmonious whole." D.J.B., 216 N.J. at 440 (quoting Burnett v. County of Bergen, 198 N.J. 408, 421 (2009)).

IV.

In New Jersey, municipal police officers cannot be terminated or disciplined without proof of "just cause." N.J.S.A. 40A:14-147. A municipal officer is entitled to written notice of the grounds for termination or discipline as well as an opportunity to be heard at a hearing. Ibid. N.J.S.A. 40A:14-150 governs the review of disciplinary action in non-civil service municipalities. Prior to 2009, Section 150 only provided disciplined members of a police force in a non-civil service municipality the right of independent judicial review in Superior Court. See L. 1971, c. 197, § 1.

12

In 2009, in a series of amendments designed to enhance the rights of certain disciplined police officers and firefighters, the Legislature created special disciplinary arbitration as an alternative procedure to the judicial appeals process available to municipal officers under Section 150 and as a new forum of appeal for certain other non-civil service officers. L. 2009, c. 16, §§ 1-16. The sponsors' statement included with the bill noted the Legislature's intention to broaden the availability of appeal procedures to officers in non-civil service jurisdictions:

> The procedures for filing and resolving these types of appeals are well established for civil service jurisdictions. At present, there are no standard appeal procedures for non-civil service jurisdictions. Such matters are governed by contract.
>
> [Sponsors' Statement to A. 3481 (L. 2009, c. 16).]

The Legislative Fiscal Estimate for the bill further noted that the definition of "law enforcement officer" in the amendments "is all inclusive, incorporating anyone empowered by statute to act for the detection, investigation, arrest, conviction, detention, or rehabilitation of persons violating the criminal laws of this State." Legis. Fiscal Estimate to A. 3481 2 (Apr. 21, 2009) (emphasis added).

Another goal of the Legislature's 2009 amendments was to lessen the financial burden faced by officers suspended without pay who appeal their

13

suspension through special disciplinary arbitration. The amendments allow such officers to begin receiving their base salary if a decision is not rendered within 180 days. Ibid. Additionally, the Governor, when signing the final bill into law, noted that the bill provided a "safeguard" to law enforcement officers, acknowledging "that the fact-finding and deliberative process can take many months; and that this places a very heavy burden on people, who then must cope with extreme financial hardship caused by a protracted suspension of salary at a difficult and emotional time when their careers are, essentially, in limbo." Governor's Signing Statement to A. 3481 (Mar. 5, 2009).

The amendments were accomplished by revising N.J.S.A. 40A:14-150 as well as adding entirely new provisions to Title 40A. Section 150 now provides the following, with emphasis added to the new language:

> [a]ny member or officer of a police department or force in a municipality wherein Title 11A of the New Jersey Statutes is not in operation, who has been tried and convicted upon any charge or charges, may obtain a review thereof by the Superior Court; provided, however, that in the case of an officer who is appealing removal from his office, employment or position for a complaint or charges, other than a complaint or charges relating to a criminal offense, the officer may, in lieu of serving a written notice seeking review of that removal by the court, submit his appeal to arbitration pursuant to section 10 of L. 2009, c. 16 ([N.J.S.A.] 40A:14-209).
> . . .

14

[N.J.S.A. 40A:14-150 (emphasis added).]

Section 150 is housed within Subchapter D of Title 40A's Chapter 14.

Subchapter D, entitled "Police -- Municipalities," governs the creation,

regulation, powers, and duties of municipal police departments and officers.

See N.J.S.A. 40A:14-118 to -164.  As quoted above, Section 150 cross-

references Section 209 in describing the new avenue of appeal available to

municipal officers.

Section 209 is part of the group of provisions housed in the newly

created Subchapter J, separate and apart from Subchapter D, entitled

"Suspension and Termination."  See N.J.S.A. 40A:14-200 to -216.  Special

disciplinary arbitration, the focus of this appeal, is described at length in

Sections 209 and 210.  Section 209 focuses on an officer's right to be paid

wages after a period of time while awaiting the completion of the special

arbitration process and provides that

> [w]hen a law enforcement officer or firefighter employed by a law enforcement agency or department that is not subject to the provisions of Title 11A of the New Jersey Statutes is suspended from performing his official duties without pay for a complaint or charges, other than (1) a complaint or charges relating to the subject matter of a pending criminal investigation, inquiry, complaint, or charge whether pre-indictment or post indictment, or (2) when the complaint or charges allege conduct that also would constitute a violation of the criminal laws of this State or any other jurisdiction, and the law enforcement agency or department

15

employing the officer or firefighter seeks to terminate that officer's or firefighter's employment for the conduct that was the basis for the officer's or firefighter's suspension without pay, <u>the officer, as an alternative to the judicial review authorized under N.J.S.A. 40A:14-150, . . . may submit an appeal of his suspension and termination to the Public Employment Relations Commission for arbitration conducted in accordance with the provisions of section 11 of L. 2009, c. 16 ([N.J.S.A.] 40A:14-210)</u>. A final determination on the officer's or firefighter's suspension and termination shall be rendered by an arbitrator within 180 calendar days from the date the officer or firefighter is suspended without pay.

<u>If a final determination is not rendered within those 180 days</u>, as hereinafter calculated, <u>the officer</u> or firefighter <u>shall</u>, commencing on the 181st calendar day, <u>begin again to receive the base salary</u> he was being paid at the time of his suspension and shall continue to do so <u>until the final determination on the officer's or firefighter's termination is rendered.</u>

[N.J.S.A. 40A:14-209(a) (emphases added).]

Section 209 cross-references Section 150 in distinguishing between special disciplinary arbitration and the other form of appeal that has always been available to non-civil service municipal officers in the Superior Court. Section 209 also cross-references Section 210 in noting that the special disciplinary arbitration referenced in Section 209 must comply with the provisions of Section 210. The remaining portions of Section 209 detail how to calculate the 180-day period and the effect of any delayed or adjourned proceedings when the officer is suspended without pay. <u>Id.</u> at -209(b) to (c).

16

The next provision, N.J.S.A. 40A:14-210, describes in detail the procedures to be followed for seeking and conducting special disciplinary arbitration. The relevant portions of Section 210 that apply to this appeal state the following:

> a. <u>In lieu of serving a written notice to the Superior Court under the provisions of N.J.S.A. 40A:14-150</u> or N.J.S.A. 40A:14-22, as appropriate, <u>seeking review of the termination of his employment</u> for a complaint or charges, other than a complaint or charges relating to a criminal offense, <u>as prescribed in subsection a. of section 10 of L. 2009, c. 16 ([N.J.S.A.] 40A:14-209</u>), an officer or firefighter may submit his appeal to arbitration as hereinafter provided.
>
> b. Within 20 days of receiving notice of termination, the officer or firefighter shall submit his appeal for arbitration to the Public Employment Relations Commission. The appeal shall be filed in a manner and form prescribed by the commission.
>
> [N.J.S.A. 40A:14-210(a) to (b) (emphases added).]

Section 210 cross-references both Sections 150 and 209. Once again, the reference to Section 150 distinguishes between the newly created arbitration procedure and municipal officers' right to appeal to the Superior Court. The cross-reference to Section 209 in Section 210 is limited to a recognition that officers seeking to challenge their suspension or termination via special disciplinary arbitration are not eligible for that form of appeal if their disciplinary matter is related to a criminal offense.

17

Section 200, the first section of the new Subchapter J provisions, is a definitional section that explains several terms "[a]s used in this Act." The term "law enforcement agency" is defined as

> any public agency, other than the Department of Law and Public Safety, but not including the Juvenile Justice Commission, any police force, department, or division within the State, or any county or municipality thereof, which is empowered by statute to act for the detection, investigation, arrest, conviction, detention, or rehabilitation of persons violating the criminal laws of this State.
>
> [N.J.S.A. 40A:14-200 (emphases added).]

"Law enforcement officer" is thereafter defined as

> any person who is employed as a permanent full-time member of any State, county, or municipal law enforcement agency, department, or division of those governments who is statutorily empowered to act for the detection, investigation, arrest, conviction, detention, or rehabilitation of persons violating the criminal laws of this State.
>
> [Ibid. (emphasis added).]

A plain reading of those definitions emphasizes the broad range of officers that the Legislature sought to make eligible for special disciplinary arbitration.

## V.

The first issue we must decide is whether Section 150 precludes NJIT police officers like Officer DiGuglielmo from appealing adverse employment determinations through special disciplinary arbitration, as the Appellate

18

Division held, particularly given the cross-reference to Section 150 in Sections 209 and 210.

The parties do not dispute that Section 150 applies solely to non-civil service municipal officers. Indeed, the first sentence of that provision states that the provision applies to "[a]ny member or officer of a police department or force in a municipality wherein [the Civil Service Act] is not in operation." N.J.S.A. 40A:14-150. That statute undoubtedly applies to municipal officers in detailing the forms of review of disciplinary action available to those officers. One avenue of appealing disciplinary action available to non-civil service municipal officers is review by the Superior Court. The second and newly created avenue that became available with the 2009 amendments is special disciplinary arbitration, and Section 150 was amended to include a cross-reference to Section 209, which, in turn, advises municipal officers that the new procedure available to them is detailed in Section 210.

A close reading of Sections 209 and 210 reveals that, although both sections reference Section 150, those references have nothing to do with who is eligible for special disciplinary arbitration pursuant to the new amendments. The reference to Section 150 in Section 209 is solely related to the process of appealing an officer's suspension or termination. The same is true for the Section 150 reference in Section 210. By referencing Section 150 in Section

19

209, the Legislature signaled that special disciplinary arbitration is an "alternative to the judicial review authorized in [Section 150]," which had previously been the sole appeals process for municipal officers. See N.J.S.A. 40A:14-209. In Section 210, the Legislature similarly denoted that the procedure in that section was "[i]n lieu of" the appeals process under Section 150. Those references to Section 150 simply state that instead of that prior process, officers may choose to have their appeal heard through special disciplinary arbitration as provided in N.J.S.A. 40A:14-209 and -210. There is nothing in the plain language of Sections 209 and 210 that mentions municipal officers or indicates that Sections 209 and 210, which are housed in a different subchapter than Section 150, were intended to apply only to municipal officers.

The statutory cross-references in the 2009 amendments are plentiful, but every cross-reference must be carefully read to determine the purpose for which the other statute is being addressed. It is not necessarily the case that when a statute is cross-referenced by another statute it is for the purpose of wholesale importation of the referenced statute into the other. A plain reading of Sections 209 and 210 does not indicate that the Legislature intended the references to Section 150 to limit special disciplinary arbitration to municipal officers.

20

Indeed, had the Legislature intended for special disciplinary arbitration to apply only to non-civil service municipal officers, the new statutory provisions would likely have been inserted into Subchapter D, which governs municipal police officers. Instead, the Legislature decided to create a new and separate subchapter, Subchapter J, which begins with a section dedicated solely to defining terms "[a]s used in this act," meaning in the provisions that follow. See N.J.S.A. 40A:14-200. The definitions relevant to this appeal are that of "law enforcement agency" and "law enforcement officer" or "officer," terms that are then used throughout the new statute, including in Sections 209 and 210, which detail the special disciplinary arbitration procedure. Those definitions undoubtedly broaden the category of officers to whom special disciplinary arbitration is available.

The definition of "law enforcement agency" in Section 200 plainly includes more than just municipal officers because the term is defined as encompassing "any public agency . . . any police force, department, or division within the State, or any county or municipality." Ibid. The definition of "law enforcement agency" and the similarly broad definition of "law enforcement officer" in Section 200 would serve no purpose if the provisions that follow, particularly Sections 209 and 210, were to apply only to municipal officers. Holding that special disciplinary arbitration is available only to municipal

21

officers would render the definitions of "law enforcement agency" and "law enforcement officer" in Section 200 "inoperative, superfluous, void, [and] insignificant." Sanchez, 242 N.J. at 261.

The Appellate Division held that the lone reference to Section 150 in Section 209 operates to bar Officer DiGuglielmo's eligibility for special disciplinary arbitration because he "was not employed by a municipal law enforcement agency." DiGuglielmo, 465 N.J. Super. at 62. That holding is contrary to the plain language of Sections 200 and 209. As noted, the term "law enforcement agency," as defined in Section 200, is in no way limited to a "municipal law enforcement agency." We therefore hold that NJIT police officers are not barred from seeking review of disciplinary action through special disciplinary arbitration by virtue of Section 150.

Although this Court is not bound by an agency's interpretation of a statute, "deference . . . should be afforded to the interpretation of the agency charged with applying and enforcing a statutory scheme." See Hargrove, 220 N.J. at 301. Our holding is consistent with PERC's interpretation of special disciplinary arbitration eligibility and the manner in which PERC has administered this form of arbitration since the enactment of the 2009 amendments.

We therefore reverse the Appellate Division's determination that special disciplinary arbitration is unavailable to NJIT officers.

VI.

We next consider whether Officer DiGuglielmo is eligible for special disciplinary arbitration, despite having been suspended with pay. The Appellate Division held that special disciplinary arbitration is not available to Officer DiGuglielmo because he was not suspended without pay as required by Section 209. DiGuglielmo, 465 N.J. Super. at 63. We disagree.

Once again, we are presented with two statutes that cross-reference one another and must determine the import of those cross-references. Here, Section 209 outlines the process through which officers suspended without pay can begin to receive their base salary while they await the special disciplinary arbitrator's decision. Section 209 references Section 210 to note that the arbitration should be "conducted in accordance with the provisions of [Section 210]."

Section 210, in turn, provides comprehensive procedures regarding the manner in which special disciplinary arbitration is to occur for officers "seeking review of the termination of [their] employment." Section 210 cross-references Section 209, but only for the purpose of noting that officers

23

terminated as a result of criminal charges are not eligible to apply for special disciplinary arbitration.

The Appellate Division held that Officer DiGuglielmo was not eligible for special disciplinary arbitration because he was suspended <u>with</u> pay and the court did not "read Section 210 to nullify the eligibility requirement of suspension-without-pay repeatedly stated within Section 209." <u>Ibid.</u> But Sections 209 and 210, despite the cross-references to each other, are two different statutory provisions.

Section 209 undoubtedly deals with the process for officers suspended without pay who challenge their discipline through special disciplinary arbitration and are entitled to have their pay resume after a certain number of days while awaiting a final arbitration decision. The plain language of Section 210 -- the section pursuant to which Officer DiGuglielmo sought special disciplinary arbitration -- states, on the other hand, that Section 210 applies to officers "seeking review of the termination of [their] employment." Nowhere in Section 210 do the phrases "suspension with pay" or "suspension without pay" appear. That is because that status is solely a requirement for the process outlined in Section 209, which permits the resumption of base pay while an arbitration decision is pending. In terms of which officers are generally eligible to apply for special disciplinary arbitration, Section 210 extends

24

eligibility to any officer who has been terminated from employment for non-criminal charges. There is no requirement in Section 210 that the officer have been suspended without pay. Rather, the Section 210 cross-reference to Section 209 is limited to the ineligibility of officers facing criminal charges.

In sum, a plain reading of Section 210 does not indicate that the Legislature intended the suspension without pay language from Section 209 to be inserted into Section 210. Officer DiGuglielmo is therefore eligible for special disciplinary arbitration notwithstanding the fact that he was suspended with pay.

## VII.

For the foregoing reasons, we reverse the judgment of the Appellate Division and reinstate PERC's decision allowing special disciplinary arbitration in this matter.

CHIEF JUSTICE RABNER; JUSTICES SOLOMON and FASCIALE; and JUDGE FISHER (temporarily assigned) join in JUSTICE PIERRE-LOUIS's opinion. JUSTICE PATTERSON and JUDGE SABATINO (temporarily assigned) did not participate.

25